IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Before the Honorable Kevin R. Sweazea
United States Magistrate Judge

### CLERK'S MINUTES

*Peter C. Grelle v. Office of Personnel Management and Elon Musk*
2:25-cv-189 JB/KRS

**Tuesday, March 11, 2025**

| | |
|---|---|
| **For Plaintiff:** | Peter C. Grelle, Pro Se |
| **For Defendants:** | Ruth Keegan of the U.S. Attorney's Office is present but is not appearing on behalf of any defendant due to lack of service |
| **Proceedings**: | Telephonic Status Conference |
| **Start Time:** | 10:00 a.m. |
| **Stop Time:** | 10:14 a.m. |
| **Total time:** | 14 minutes |
| **Clerk:** | LDM |

### NOTES

- The Court greets Mr. Grelle and thanks Ms. Keegan for her attendance.

- The Court states that it scheduled this status conference not expecting any defendant to appear, as the record did not show that any service had taken place, although the Court notes that the docket now shows that yesterday Mr. Grelle filed two returns of service indicating there were mailings to Elon Musk and OPM in Washington, D.C. The Court asks Ms. Keegan whether Mr. Grelle also needs to serve the local U.S. Attorney's office.

- Ms. Keegan states that she received notice of the lawsuit through a summons that was sent to her office, but that the summons did not effect proper service on the U.S. Attorney's office because there was no actual complaint and because the summons was not delivered to the correct party, referring to Rule 4(i)(2)(A)(ii)'s requirement that, if service is effected through registered or certified mail, it must be addressed to the civil process clerk at the United States attorney's office for the district where the action is brought.

- Mr. Grelle states that he understands what Ms. Keegan is saying about there being no formal complaint, and that he will file an amended complaint to address that issue, and then serve it on the U.S. Attorney's office by addressing it to the appropriate clerk in that office.

- Ms. Keegan further clarifies that Rule 4(i) requires service on the Attorney General, the Agency itself, *and,* the U.S. Attorney's office for the District of New Mexico, and that, insofar as the U.S. Attorney's office is concerned, if service is made by certified mailing it must be addressed to the "Civil Process Clerk."

- The Court states that it scheduled this conference to see if Plaintiff thought the case has become moot since he originally filed the action. Plaintiff states that he does not think his claims are moot because the harm is on-going.

- The Court states that Plaintiff then needs to file an amended complaint and get it served, and only after the government is properly brought into the case will the Court set a hearing on Plaintiff's TRO request. The Court asks Ms. Keegan whether that was an acceptable course of action, to which she replies yes, and further clarifies once again that Mr. Grelle sent the summons to the correct address; he just needs to name the correct person ("the Civil Process Clerk").

- The Court asks whether there is anything else either side wanted to raise. Mr. Grelle asks whether the Court will rule on his pending motion to redact personal information without waiting for the amended complaint to be filed. Ms. Keegan states in response that she could not get access to the filings on the docket because access is currently limited to case participants. The Court responds that it wants to wait to rule on the issue until after the government has been brought in the case and had the opportunity to respond to Plaintiff's motion. The Court also wonders whether it is even possible to maintain secrecy over Mr. Grelle's contact information. Mr. Grelle is directed to revisit the issue when he files his amended complaint.

- There being nothing further, the Court adjoins.