IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Before the Honorable Kevin R. Sweazea
United States Magistrate Judge

**CLERK'S MINUTES**

*Grelle v. Office of Personnel Management et al.*
2:25-cv-189 JB/KRS

**Thursday, May 1, 2025**

| | |
|---|---|
| **For Plaintiff:** | Peter Grelle, Pro Se |
| **For Defendants:** | Ruth Keegan |
| **Proceedings**: | Telephonic Status Conference |
| **Start Time:** | 10:30 a.m. |
| **Stop Time:** | 10:39 a.m. |
| **Total time:** | 9 minutes |
| **Clerk:** | LDM |

**NOTES**

- The Court greets the parties and enters their appearances.

- The Court notes that the case is presently before it to supervise pretrial proceedings as well as on a referral by the presiding trial judge for recommendations on dispositive matters.

- The Court states that it wants to begin with the returns of service that were recently filed, and asks Ms. Keegan whether the government has been served. Ms. Keegan states that the government has received service and that she believes the response deadline is May 19. Ms. Keegan also states that she anticipates filing a motion to dismiss in lieu of an answer, but it won't be until the deadline when she does that.

- A discussion is had regarding whether Plaintiff has asked for injunctive relief in any of his filings. Mr. Grelle states that he was waiting until service had occurred and the government had appeared in the case. Ms. Keegan confirms that her appearance at this status effectively is an appearance in the case, and that she intends to file a formal appearance in the next few days.

- The Court states that Mr. Grelle can wait to seek injunctive relief until after the government files its motion to dismiss if he wants, but that, in the meantime, the Court intends to deny as moot the motion for temporary restraining order that Mr. Grelle filed with the complaint.

- Mr. Grelle questions why the TRO motion is moot, and the Court explains to him that a TRO is something that a court can issue pending a determination of whether injunctive relief is appropriate. Since Mr. Grelle never filed a motion for injunctive relief or requested such relief in his complaint filings, the TRO motion is moot. Moreover, even if Mr. Grelle were to file a motion for a preliminary injunction now, the brief time-period for which a TRO would be allowed under the rules [Rule 65] would expire before a ruling could be had on a newly filed motion for preliminary injunctive relief.

- Mr. Grelle states that he understands the Court's explanation.

- The Court asks whether any adverse employment action has been taken against him since he filed this matter, and Mr. Grelle states there has not been any.

- The Court states that it will enter an order denying the TRO without prejudice to Plaintiff filing a motion for preliminary injunctive relief, meaning the Court's order denying the TRO motion will not affect Mr. Grelle's ability to seek preliminary injunctive relief. Mr. Grelle indicates that he will wait for the Defendants' motion to dismiss to be filed and that he intends to file a preliminary injunction motion.

- There being nothing further, the Court adjoins.