IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETER C. GRELLE,

      Plaintiff,

v.                                                                                           No. 2:25-cv-189-JB-KRS

OFFICE OF PERSONNEL MANAGEMENT;
and ELON MUSK, in his official capacity, c/o
Executive Office of the President,

      Defendants.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REDACT
OR, ALTERNATIVELY, TO SEAL [DOC. 34]**

      Currently before the Court is *pro se* Plaintiff's Notice regarding Anticipated Government Filing and Request for In Camera Review and Privacy Protections ("Notice"). (Doc. 34). Pursuant to this Court's July 10, 2025, Order, (Doc. 35), Plaintiff's Notice is construed as a Motion To Redact or, Alternatively, to Seal ("Motion"). Having reviewed the Motion, the Court finds that the Motion should be GRANTED IN PART.

      Plaintiff seeks to redact or, alternatively, seal documents that contain "nonessential identifying information, such as Plaintiff's workplace or agency assignment . . . ." (Doc. 34) at 2. He contends the "nonessential identifying information" is not material to the resolution of this matter and propels the risk of Plaintiff being subjected to "professional harm or retaliation." *Id.*

      There is a longstanding common-law right of public access to judicial records. *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). This right "is fundamental to the democratic state" and preserves "the integrity of the law enforcement and judicial processes" by allowing the public to see how courts make their decisions. *United States v. Bacon*, 950 F.3d 1286, 1297 (10th Cir. 2020) (first quoting *United States v. Hubbard*, 650 F.2d 293, 315, 208 U.S. App.

D.C. 399 (D.C. Cir. 1980), and then quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)). The right of access is not absolute, but the party seeking to seal a judicial record must show "some significant interest that outweighs" the public interest in access to the records. *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). This burden is "heavy," and sealing is appropriate only when the interest in confidentiality is "real and substantial." *Id.*; *see* 10th Cir. R. 25.6(A)(3) (requiring the movant to "articulate a substantial interest that justifies depriving the public of access to the document [or information]"); *Brown v. Flowers*, 974 F.3d 1178, 1187-88 (10th Cir. 2020) ("We will not permanently seal any documents unless [the movant] 'overcomes a presumption in favor of access to judicial records by articulat[ing] a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.'" (quoting *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) (second alteration in original) (internal quotation marks omitted)). *McWilliams v. Dinapoli*, 40 F.4th 1118, 1130-31, 1133 (10th Cir. 2022) ("Vague and conclusory statements do not meet [the heavy burden to demonstrate a real and substantial interest that outweighs the public interest in accessing the documents]").

Here, the only interest Plaintiff identifies to justify redaction or sealing this case is his interest in avoiding potential "professional harm" or retaliation. Plaintiff does not identify whom he believes may cause him harm or retaliate. Nor has Plaintiff explained how redacting the identity of his federal employer or sealing this case from the public is a real and substantial interest that justifies depriving the public of access to the aforementioned information. Further, Plaintiff's Amended Complaint, and underlying causes of action, arise from a February 2025 Office of Personnel Management ("OPM") email and a statement by Elon Musk regarding possible consequences to federal employees who failed to comply with the February 2025 OPM email. *See*

(Doc. 16) at 3-4. The factual allegations in the Amended Complaint—including Plaintiff's employment with a federal agency—and other documents in this case are central to the resolution of Plaintiff's claims. *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (sealing confidential documents did not outweigh the public interest in access to those documents due to the centrality of the documents to the adjudication of the case).

Hence, the Court finds Plaintiff has not met his heavy burden to redact and/or seal information related to his employment with the federal government. Nevertheless, Defendants stipulate to redacting the name of the facility wherein Plaintiff works for the Department of Defense. *See* (Doc. 38) at 4, fn. 1. Accordingly, the Court finds that the parties shall redact only the name of the federal facility where Plaintiff works. Defendants are also reminded to adhere to this Court's Order regarding redaction of Plaintiff's home address, email, and phone number. *See* (Doc. 15). Thus, pursuant to Federal Rule of Civil Procedure 5.2(e)(1), which authorizes the Court, upon a finding of good cause, to require redaction of additional information beyond the information identified in subsection (a) of the Rule, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Notice Regarding Anticipated Government Filing and Request for In Camera Review and Privacy Protections, **Doc. 34**, is **GRANTED IN PART**.

2. All parties are directed henceforth to omit from their filings the name of the federal facility wherein Plaintiff works, and if said information appears on any document attached to a filing, to redact the information from the document before filing it.

3. Defendants are **ORDERED** to immediately provide the Clerk's Office in Las Cruces with a redacted version of the documents already on file on the docket that are currently limited to "Case Participants Only" (**Docs. 38, 39**), and the Clerk's Office is **DIRECTED** to place the redacted versions of those documents on the public docket.

5.  Plaintiff should **TAKE NOTE** that this Order only prevents public disclosure of the name of the federal facility wherein Plaintiff works. Because Plaintiff is not proceeding with a pseudonym, and his contact information cannot be removed from the docket entirely, this Order cannot and does not accord said information absolute protection from public disclosure.

**IT IS SO ORDERED** this 27th day of January, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE